Norman Goode
130 West 67th Street, Apt. 19G
New York, New York 10023
(857) 756-5172
normgoode@gmail.com

June 15, 2026

VIA PRO SE EMAIL INTAKE

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

**Re:  Goode v. Scandinavian Airlines of North America Inc., No. 1:26-cv-01687-AS**

**Plaintiff's Letter-Motion to Hold Plaintiff's Deadline to Oppose Defendant's Motion to Dismiss in Abeyance Pending Resolution of Plaintiff's Motion for Leave to File a Second Amended Complaint**

Dear Judge Subramanian:

I am the Plaintiff in this case, proceeding pro se, and I respectfully request that my deadline to oppose Defendant's motion to dismiss the First Amended Complaint (ECF No. 12) be held in abeyance pending the Court's resolution of my Letter-Motion for Leave to File a Second Amended Complaint, filed today via Pro Se Email Intake. In the event that opposition to the motion to dismiss remains necessary after the Court rules on my leave motion, I request that any such opposition be due thirty days after the Court's order resolving the leave motion, as per Your Honor's Individual Practices in Civil Pro Se Cases ¶ 6(A).

On June 8, 2026, Defendant Scandinavian Airlines of North America Inc. ("SANA") moved to dismiss my First Amended Complaint on the single ground that SANA is not an air carrier within the meaning of the Montreal Convention. In support, SANA submitted the declaration of James Brennan, which states that SAS (not SANA) operated Flight SK 910 and that the "Scandinavian Airlines System of NA" designation printed on my e-ticket receipt merely "indicates that SAS sold the ticket in the United States." Brennan Decl. ¶¶ 9–10, 15 (ECF No. 13).

Today, I moved for leave to file a proposed Second Amended Complaint that joins SAS to the complaint — the carrier that SANA's own evidence identifies as the operating and contracting carrier — as a defendant. My proposed SAC also pleads that my claims against SAS relate back to my original Complaint under Fed. R. Civ. P. 15(c)(1)(C), and retains SANA as a defendant, with claims pled against SAS and SANA separately, jointly, and in the alternative, pending discovery into the relationship among SAS, SANA, and related entities.

Holding the opposition deadline in abeyance pending resolution of the leave motion is warranted to conserve the parties' and the Court's resources. If leave is granted, the proposed Second Amended Complaint would supersede the First Amended Complaint, such that the pending motion to dismiss, which is directed at the superseded pleading, would ordinarily be denied as moot, or applied by the Court to the new pleading. The proposed pleading bears directly on the sole ground of that motion: it names SAS as the carrier and pleads against the defendants separately, jointly, and in the alternative. Requiring me to brief opposition to the motion to dismiss now — while the leave motion is pending — would expend the Court's and the parties' resources on a motion that the Court's ruling may moot or substantially narrow, and would place overlapping issues before the Court on two separate briefing tracks.

The requested abeyance is brief and would not disturb any deadline in the Court's scheduling order (ECF No. 10), including the September 1, 2026 deadline to amend pleadings and join additional parties and the March 31, 2027 close of all discovery. Defendant would suffer no prejudice: the same counsel represents SANA and, upon information and belief, SAS, and the abeyance would simply defer a single round of briefing until the operative pleading is settled.

I add that, although Your Honor's Individual Practice 6(A) affords a pro se party thirty days to oppose a motion, I make this request promptly and without relying on the additional time the pro se schedule may allow, mindful that Local Civil Rule 6.1(b) prescribes a fourteen-day period for a represented party. I file now, rather than await Defendant's response to my request for consent, so that this request is made as promptly as practicable.

In accordance with Your Honor's Individual Practices in Civil Pro Se Cases, Paragraph 3(C), I state the following:

(1) the deadline for which relief is sought is my deadline to oppose Defendant's motion to dismiss, which is July 13, 2026 — thirty days after service of the motion under Individual Practice 6(A) (the motion having been served on me by first-class mail on June 8, 2026), with three days added under Fed. R. Civ. P. 6(d) and the resulting date extended from Saturday, July 11 to the next business day under Fed. R. Civ. P. 6(a)(1)(C). To the extent Local Civil Rule 6.1(b)'s fourteen-day period rather than Individual Practice 6(A)'s thirty-day period governs, I make this request out of an abundance of caution and without conceding that the shorter period applies;

(2) this is my first request to adjourn or extend this deadline;

(3) no prior request has been made, and accordingly none has been granted or denied;

(4) the reasons for the request are set forth above;

(5) I sought the consent of Defendant's counsel, Condon & Forsyth LLP, to this request by email on June 15, 2026. As of this filing Defendant's position has not been received; I will promptly advise the Court once I receive a reply;

(6) no appearance is currently scheduled before the Court — the initial pretrial conference previously set for June 3, 2026 having been canceled by the Court's order of May 28, 2026 (ECF No. 10), and no final pretrial conference or trial date having yet been set — and the existing deadlines in the case are those fixed by the Civil Case Management Plan and Scheduling Order (ECF No. 10), including the September 1, 2026 deadline to amend pleadings and join additional

parties and the March 31, 2027 deadline to complete all discovery. The relief requested would not affect those deadlines.

For these reasons, I respectfully request that the Court hold my deadline to oppose Defendant's motion to dismiss in abeyance pending resolution of my Letter-Motion for Leave to File a Second Amended Complaint, and that, if opposition remains necessary, any such opposition be due thirty days after the Court's order resolving the leave motion. I thank the Court for its consideration.

Respectfully submitted,

s/Norman Goode
Norman Goode
Plaintiff, Pro Se
130 West 67th Street, Apt. 19G
New York, New York 10023
(857) 756-5172
normgoode@gmail.com

cc:  Counsel for Defendant Scandinavian Airlines of North America Inc., Condon & Forsyth LLP (via ECF / email)

Plaintiff requests that the Court hold in abeyance the deadline to oppose defendant's motion to dismiss pending resolution of plaintiff's motion for leave to file a second amended complaint. That request is GRANTED.

By **June 29, 2026**, defendant shall file any opposition to the motion for leave to file a second amended complaint.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 18.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: June 23, 2026