UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMAN GOODE,

Plaintiff,

-against-

SCANDINAVIAN AIRLINES SYSTEM OF NA,

Defendant.

26-CV-1687 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff's motion for leave to file a second amended complaint, Dkt. 17, is GRANTED IN PART.

Defendant says that plaintiff's motion should be denied because the relation-back doctrine does not apply to the Montreal Convention, which is the statute governing this case. Dkt. 21 at 2. In support of that argument, defendant relies on some district court cases, none of which addresses the Montreal Convention in particular. But in *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165 (11th Cir. 2014), the Eleventh Circuit distinguished "between two doctrines: tolling, deemed impermissible, and relation-back, considered to be consistent with the [Montreal] Convention." *Id.* at 1175. That court ultimately concluded that "the Montreal Convention permits the application of Rule 15(c) relation back, at least when the amending plaintiff identifies the same defendants named in the original complaint" because "the adopted language specifically permits a forum court to set methods of calculating the two-year period." *Id.* at 1175, 1177.

Here, the Court rejects plaintiff's attempts to add a new party (i.e., to sue SAS in addition to SANA), but it will allow plaintiff to substitute a mistaken party, given that he intended to sue SAS all along and otherwise satisfies the requirements in Federal Rule of Civil Procedure 15(c).

That rule provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted" and "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," so long as "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.*

No one disputes that plaintiff's original complaint was timely filed against SANA, which is SAS's subsidiary. That complaint alleges an injury during an international Scandinavian Airlines flight. Dkt. 2 ¶¶ 13–16. And plaintiff's electronic ticket itinerary and receipt, attached to the

original complaint, is from "SAS." Dkt. 2 at 13. Plaintiff mistakenly sued SANA, not SAS, because that was "the only 'Scandinavian Airline'-named entity registered in" the online database he searched. Dkt. 17 at 1. But once he discovered that SAS "operated and ticketed" his flight, he sought to amend his complaint. *Id.*

Plaintiff asserts that SAS is not prejudiced because it has had notice of the accident since March 7, 2024, the date it occurred. Dkt. 17 at 2. He explains:

> [SAS]'s crew represented to me they were obligated to file an in-flight passenger injury report on the day of my injury, I reported the incident through SAS's customer portal on March 8, 2024 while transferring flights, and SAS's Copenhagen transfer center acknowledged my claim in writing on March 26, 2024.

*Id.* And no one disputes that SAS knew or should have known that the action would have been brought against it, but for plaintiff's mistake. So, plaintiff is permitted to amend his complaint to sue SAS, which is the same defendant he tried to sue in the original complaint.

***

In sum, Plaintiff is permitted to file a second amended complaint against SAS, but not SANA, by **August 14, 2026**. In light of this ruling, SANA's motion to dismiss, Dkt. 12, is DENIED as moot.

The Clerk of Court is respectfully directed to issue a summons for Scandinavian Airlines System Denmark-Norway-Sweden ("SAS"), and to terminate Dkts. 12 and 17.

SO ORDERED.

Dated: July 30, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge